UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MARCY ELLIS and GREG ELLIS, husband and wife | : CIVIL ACTION NO.<br>:<br>: JUDGE |
| VERSUS | :<br>:<br>: |
| ALBERTSONS COMPANIES, INC. | : MAGISTRATE |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **NOTICE OF REMOVAL**

ALBERTSONS COMPANIES, INC., and JULIO OJEDA-DARTAGNA ("Defendants"), by and through undersigned counsel, hereby give notice of the removal of this action from the 19th Judicial District Court, for the Parish of East Baton Rouge, Louisiana, to the United States District Court for the Middle District of Louisiana. In support of its Notice of Removal, Defendants state as follows:

1. This action was originally commenced by Marcy Ellis and Greg Ellis, on November 19, 2024, through the filing of a Petition for Damages in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, captioned *Marcy Ellis and Greg Ellis, husband and wife v. Albertsons Companies, Inc. Louisiana, et al.* and assigned Docket No. 755,930.

2. Albertsons Companies, Inc. is the correct name of the entity that operates the subject store where the alleged accident occurred; Albertsons Companies, Inc. was served with plaintiff's Petition on or about December 5, 2024.

1

3. Albertsons Companies, Inc. is a Delaware corporation with its principal place of business in Idaho.

4. The United States District Court for the Middle District of Louisiana is the court embracing the place wherein such action is pending in state court.

5. The amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Additionally, Plaintiffs provided discovery responses on August 13, 2025, which confirms that they seek damages in excess of $75,000.00, exclusive of interest and costs. *See* Exhibit B, *plaintiffs' discovery responses.* Thus, this claim meets the amount in controversy for purposes of 28 U.S.C. § 1332.

7. This Court has jurisdiction over this matter, and it is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

**Diversity of Citizenship**

8. This action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, in that all *properly* joined and served parties are of diverse citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Plaintiffs, Marcy Ellis and Greg Ellis, are persons of the full age of majority domiciled in the Parish of East Baton Rouge, State of Louisiana. *See Petition for Damages* at p. 1, attached as Exhibit A.

10. At the time of the filing of the Petition for Damages and at all times thereafter, defendant, Albertsons Companies, Inc., was and is incorporated under the laws of Delaware, with its principal place of business in Boise, Idaho.

11. Julio Ojeda-Dartagna, was the manager of the Albertsons store where the alleged accident occurred. He is a person of the full age of majority domiciled in the State of Louisiana. *See Petition for Damages*, attached as Exhibit A. Ojeda-Dartagna is improperly joined such that his citizenship does not destroy diversity.

12. To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). Federal courts should not sanction devices intended to prevent removal to federal court where one has that right, and thus the doctrine of improper or fraudulent joinder entitles a defendant to remove to a federal forum unless an in-state Defendant has been "properly joined." *Id.* at 573 (citing CHARLES ALAN WRIGHT ET AL., Fed. Prac. & Proc. § 3641 (3d ed. 1998).

13. Federal courts have recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the Plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)). The test for the second option is whether the defendant can demonstrate that there is no

possibility of recovery by the plaintiff against the in-state defendant. *Id.* The Court may resolve the issue by conducting a Rule 12(b)(6) type analysis or if required, because a fact was omitted or misstated in the pleading, the District Court may pierce the pleadings and conduct a summary inquiry. *Id.*; *Badon v. RJR Nabisco Inc.*, 224 F.3d 383, 389 (5th Cir. 2000). While the Fifth Circuit has cautioned against "pre-trying a case to determine removal jurisdiction," the Court may consider summary judgment type evidence such as affidavits and deposition testimony. *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994). To determine whether the Plaintiff can state a legitimate claim against the non-diverse defendant, the court looks to the governing state law. *Brindell v. Carlisle Indus. Brake & Friction Inc.,* No. CV 21-216, 2021 WL 689243, at *5 (E.D. La. Feb. 23, 2021); *Brady v. Wal-Mart Stores, Inc.*, 907 F. Supp. 958, 959 (M.D. La. 1995).

14. With respect to Ojeda-Dartagna, the Petition relies solely upon employee Ojeda-Dartagna's position as the store manager for the assertion of liability. Plaintiff alleges that the employee had a duty to find hazards on the premises, inspect and maintain the parking lot and walking surfaces and keep the lot free of hazards. These allegations implicate Ojeda-Dartagna's role as a manager, rather than some personal duty owed to the plaintiffs.

15. Under Louisiana law, for an individual employee to be liable to a third person, the plaintiff must show that the employee breached an ***independent, personal duty*** to

4

plaintiff. *Brady,* 907 F. Supp. at 960; *Ford*, 32 F.3d at 936. No such duty is present here. Ojeda-Dartagna is not personally an owner or custodian of the premises and owed no personal duty to ensure plaintiff's safety.

16. The Louisiana Supreme Court in *Canter v. Koehring Co.*, established the following criteria to determine if the non-diverse employee owes such a duty to the plaintiff:

    1. The principal or employer must owe a duty of care;
    2. This duty must be delegated by the principal or employer to the employee in question;
    3. The employee must have breached this duty through his own personal fault; and
    4. Personal liability cannot be imposed on the employee simply because of his general administrative responsibility for performance of some function of employment; rather, he must have a personal duty to the plaintiff that was not properly delegated to another employee.

    Only when all four prongs are satisfied must the action be remanded. *Brady*, 907 F. Supp. At 960 (citing *Canter v. Koehring Co.*, 283 So. 2d 716, 721 (La. 1973)).

17. In *Elder v. Wal-Mart Stores, Inc.*, the Court found that a Walmart sporting goods section manager was not personally liable for a plaintiff's personal injury caused by a slip and fall on leaking motor oil in the automotive section. *Elder v. Wal-Mart Stores, Inc.*, 751 F. Supp. 639, 642 (E.D. La. 1990). The manager did not work in the automotive section and only assisted the plaintiff after the incident. *Id* at 641. Plaintiffs' only basis for imputing liability to the manager was for his alleged negligence in failing to detect and correct a hazardous condition in the automotive

section through the generalized duty of all Walmart employees to monitor all parts of the store within the "safety sweep" policy of the Walmart store. *Id* at 641-642. Accordingly, the Court found that the manager was fraudulently joined and denied the motion to remand. *Id.*

18. In *Lailhengue v. Mobil Oil. Co.*, this Court held that personal liability could not be imposed on two Mobil refinery employees—the plant manager and the emergency preparedness manager for injuries sustained by plaintiffs after an explosion. *Lailhengue v. Mobil Oil Co.*, 775 F. Supp. 908, 910 (E.D. La. 1991). Plaintiffs alleged that the plant manager was responsible for postponing a scheduled shutdown of equipment which prevented discovery of a corroded part believed to have caused the explosion. The Court found that the allegations and evidence against the employees were insufficient to support the imposition of personal liability against them because the alleged misfeasance was limited to a breach of responsibilities as employees at Mobil. *Id*.

19. In *Rushing v. Wal-Mart Stores, Inc.*, a store patron sued Walmart and the store manager for personal injuries she allegedly sustained when two cases of drinks fell from a shelf onto her head while shopping at a Walmart store in Hammond, Louisiana. *Rushing v. Wal-Mart Stores, Inc.*, No. CIV.A. 15-269, 2015 WL 1565064, at *1 (E.D. La. Apr. 8, 2015). Among other things, plaintiff alleged that the store manager was liable, for: "Failing to maintain proper supervision of

its employees; Failing to properly stock the shelves of the subject premises; and Failing to maintain a safe and proper look-out ..." *Id* at *3. This Court found that plaintiff's action could not lie because plaintiff's allegations against the store manager were insufficient to trigger personal liability, as the plaintiff did not allege that Walmart delegated any duty to the manager or that the manager breached such a duty through personal fault. *Id.* at *3–4.

20. In *Ashmore v. Dolgencorp, LLC*, plaintiff filed suit against Dollar General and its employee for personal injury damages after she tripped and fell over a pallet stacked with cases of water. *Ashmore v. Dolgencorp, LLC*, 601 F. Supp. 3d 31, 33 (E.D. La. 2022). Plaintiff alleged that the employee was responsible for her injuries for several acts of negligence including (1) failure to consider the safety of others; (2) failure to maintain the property; and (3) failure to warn and/or caution patrons of any danger on the premises. *Id.* at *37. The Court reasoned that this was a "case of attempting to place liability on an employee simply because of her general administrative responsibility for performance of some function of employment." *Id*. This Court held that plaintiff's allegations were insufficient to impose personal liability on the employee. *Id*.

21. The rationale in *Elder*, *Lailhengue*, *Rushing* and *Ashmore* applies here. The allegations against the only non-diverse defendant, Ojeda-Dartagna, cannot stand and thus cannot prevent removal. As an employee of Albertsons, he neither owed

7

nor breached any personal duty owed to plaintiff. Plaintiff attempts to place liability on Ojeda-Dartagna simply because of his general administrative responsibility for performance of some function of employment. Thus, his citizenship should not be considered by the Court.

22. Complete diversity of citizenship existed at the time of the filing of the Petition, and at all times thereafter, between plaintiff and the properly joined defendant.

## Amount in Controversy

23. Louisiana Code of Civil Procedure Article 893A.(1) articulates the following requirements for the pleading of monetary damages:

> the prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages, . . . a general allegation that the claim exceeds or is less than the requisite amount is required.

24. As a result, Article 893 requires plaintiff to generally state that the claim is less than the jurisdictional amount in order to establish a lack of federal jurisdiction. Plaintiff's Petition did not include such a statement. *See Exhibit A.*

25. Additionally, on August 13, 2025, plaintiffs provided discovery responses to show damages in excess of $75,000. *See* Exhibit B, *discovery responses dated August 13, 2025.* The discovery responses establish the requisite amount in controversy, exclusive of interest and costs. Thus, assuming without conceding liability and causation this claim meets the amount in controversy for purposes of 28 U.S.C. §

1332. Though Defendants expressly deny this allegation and reserve all defenses, the discovery satisfies the amount in controversy question for purposes of removal.

26. The discovery responses constitute "other paper" under 28 U.S.C. § 1446(b)(2)(C) which render this case removable.

27. This pleading is filed within 30 days of notice that the amount in controversy meets the minimum threshold to maintain diversity jurisdiction. Therefore 28 U.S.C. § 1446(b), this removal is timely.

## Removal

28. As shown above, this civil action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that it is a civil action between citizens of different states where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Therefore, this action may be removed pursuant to 28 U.S.C. § 1441.

29. Pursuant to 28 U.S.C. § 1446(d), plaintiffs, Marcy Ellis and Greg Ellis, are being provided with a copy of this Notice of Removal and a copy is also being filed with the Clerk of the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

30. The removing defendants attach a copy of all process, pleadings, and orders served upon them at the time of removal.[1]

31. Consistent with the provisions of 28 U.S.C. § 1446(d), no further proceedings shall occur in this matter in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

32. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies reading the foregoing Notice of Removal, that to the best of their knowledge, information and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose.

33. By filing this Notice of Removal, the removing defendant does not waive, and hereby reserve all defenses and objections to the Plaintiffs' Petition for Damages.

WHEREFORE, ALBERTSONS COMPANIES, INC., and JULIO OJEDA-DARTAGNA ("Defendants"), respectfully request that this Court assume full jurisdiction over the cause herein as provided by law inasmuch as this Court has jurisdiction over the dispute because all parties are completely diverse and the jurisdictional amount has been met.

---

[1] 28 U.S.C. §1446(a).

RESPECTFULLY SUBMITTED,

BY: *s/ Tori S. Bowling*
JOHN P. WOLFF, III, BAR #14504
TORI S. BOWLING, Bar #30058
BRANDI A. BARZE, Bar # 38488
**KEOGH COX & WILSON, LTD**
701 Main Street
Post Office Box 1151
Baton Rouge, LA 70821-1151
Telephone: (225) 383-3796
Facsimile: (225) 343-9612
Email: jwolff@keoghcox.com
tbowling@keoghcox.com
bbarze@keoghcox.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing has been served this day upon all known counsel of record by placing a copy in the United States Mail, properly addressed and postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this 10th day of September 2025.

*s/ Tori S. Bowling*
TORI S. BOWLING