UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARCY ELLIS, ET AL. CIVIL ACTION

VERSUS

ALBERTSONS COMPANIES, INC., ET AL. NO. 25-00815-BAJ-EWD

# RULING AND ORDER

Before the Court is Plaintiffs' **Motion To Remand (Doc. 8)**. The Motion is opposed. (Doc. 9). The Magistrate Judge issued a **Report And Recommendation (Doc. 14, the "Report")**, recommending that the Court: (1) dismiss Plaintiffs' claims against Defendant's Store Manager Julio Ojeda-Dartagna without prejudice as improperly joined; and (2) deny the Plaintiffs' Motion To Remand. (Doc. 14 at 16).

Plaintiffs object to the Report, arguing that there is at least one reasonable basis to predict recovery against Defendant Ojeda-Dartagna, such that Ojeda-Dartagna is properly joined as a Defendant, and remand is required. (Doc. 15-1 at 6). Plaintiffs argue that they have sufficiently pleaded a cause of action against Defendant Ojeda-Dartagna in state court under a negligence-based theory of liability set forth in *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973). (*Id.* at 1–3). Plaintiffs also argue that the Court "should pierce the pleadings in reaching its decision regarding remand." (*Id.* at 3). Plaintiffs do not object to the Report's determination that the "requisite" amount in controversy (AIC) required for the Court

to exercise diversity jurisdiction "is met by a preponderance of the evidence." (Doc. 14 at 10).[1]

Thus, the primary issue before the Court is whether Plaintiffs have a reasonable basis to predict recovery against Defendant Ojeda-Dartagna under Louisiana law.

## I. BACKGROUND

The Magistrate Judge described the facts of this case as follows:

> This is a civil action for damages arising out of an alleged slip-and-fall accident occurring in the parking lot of an Albertsons store. On November 19, 2024, Plaintiffs filed their Petition for Damages ("Petition") against Ojeda-Dartagna and Albertsons in state court. The Petition alleges that Marcy fell after encountering an uneven surface in the Albertsons parking lot near her vehicle. The Petition further alleges

[1] In this case, the Court raised the issue of whether 28 U.S.C. § 1332(a)'s amount-in-controversy requirement was satisfied *sua sponte*. (Doc. 10 at 3). Plaintiffs do not object to the Report's finding that Defendants satisfied the amount-in-controversy requirement. The Court adds here that, even though the Report does not cite *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014) and principally relies on pre-2014 Fifth Circuit case law, *Dart Cherokee* further supports the Report's conclusion and analysis. In *Dart Cherokee*, the United States Supreme Court emphasized that, pursuant to the Federal Courts Jurisdiction and Venue Clarification Act of 2011, when either the Plaintiff or the Court challenges a removing defendant's "assertion of the amount in controversy," then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 88. Several district courts have pointed out that it is unclear whether the Supreme Court's opinion in *Dart Cherokee* has impacted earlier case law from the United States Court of Appeals for the Fifth Circuit regarding how district courts must resolve disputes about the amount-in-controversy requirement contained in 28 U.S.C. § 1332(a). *See Akins v. Ace Am. Ins. Co.*, No. 14-653, 2015 WL 566678, at *2 (M.D. La. Feb. 10, 2015) (Dick, J.) (finding that *Dart Cherokee* has called into question the "legal certainty" test that the Report briefly mentions but does not primarily not rely on) (Doc. 14 at 10 n.50); *Clark v. Logan's Roadhouse, Inc.*, No. 15-2620, 2015 WL 9307333, at *2 (W.D. La. Dec. 21, 2015) (emphasizing that it is unclear whether the Fifth Circuit's pre-*Dart Cherokee* test that a "removing defendant could satisfy its burden of supporting federal jurisdiction by establishing that it was 'facially apparent' from the petition that the claims probably exceed $75,000," which the Report briefly mentions but does not primarily rely on) (Doc. 14 at 7 & n.36); *Mason v. Danza*, No. 17-cv-00744, 2017 WL 7048525, at *2 n.2 (W.D. La. Dec. 28, 2017); *Richard v. Wal-Mart Louisiana LLC*, No. 23-00759, 2023 WL 6170354, at *2 n.4 (W.D. La. Sep. 6, 2023) (collecting cases).

> that Ojeda-Dartagna is liable because he, as the on-duty manager of Albertsons, "had a duty and was in a position to find hazards on the premises, and was in charge of inspecting and maintaining the parking lot and walking surfaces in question, and keeping said parking lot and walking surfaces free from hazards and unreasonable risks of harm such as that encountered by Marcy Ellis on July 10, 2025."
>
> On September 10, 2025, Albertsons and Ojeda-Dartagna (together, "Defendants") removed the case to this Court, alleging diversity jurisdiction under 28 U.S.C. § 1332. According to the Notice of Removal, AIC is met based on Plaintiffs' pre-removal discovery responses in which they denied that damages do not exceed $75,000 exclusive of interests and costs. The Notice of Removal further alleges that Plaintiffs are citizens of Louisiana, of diverse citizenship from Albertsons, which is a Delaware corporation with its principal place of business in Idaho. However, Ojeda-Dartagna, like Plaintiffs, is alleged to be a Louisiana citizen. In other words, if Ojeda-Dartagna remains in this case, this Court cannot exercise subject matter jurisdiction.
>
> Because of the lack of subject matter jurisdiction on the face of the Notice of Removal and Petition, the Court required Plaintiffs to either file an amended complaint, deleting all claims against Ojeda-Dartagna, if they agreed that his joinder in the suit was improper, or to seek remand if they believed that Ojeda-Dartagna was properly joined. In response, Plaintiffs filed the Motion, which seeks remand based on lack of diversity and failure to establish AIC. Albertsons opposes the Motion.

(Doc. 14 at 3–4 (internal citations omitted)).

## II. LEGAL STANDARD

### A. Review of Report and Recommendation.

Federal Rule of Civil Procedure 72 confers upon Magistrate Judges the responsibility to make determinations or recommendations for pretrial matters. When a pretrial matter concerns a matter that is dispositive of a claim or defense, the Magistrate Judge may make proposed findings and recommendations, and the parties may file specific written objections to same. Fed. R. Civ. Pro. 72(b).

Rule 72(b)(3) dictates that the District Judge must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. The District Judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). The United States Court of Appeals for the Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review." *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016).

**B. Improper Joinder.**

"Improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013) (internal citations omitted). Here, the issue is whether Plaintiff can establish a cause of action against Ojeda-Dartagna, a non-diverse Defendant. The test "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc); *see also Davidson*, 819 F.3d at 765.

First, a court looks at the allegations contained in the complaint. *See Mumfrey, 719 F.3d at 401.* If a plaintiff can survive a Rule 12(b)(6) challenge for

failure to state a claim, there is ordinarily no improper joinder. *Id.* (citing *Smallwood,* 385 F.3d at 573). When "a complaint states a claim that satisfies 12(b)(6), but has 'misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.'" *Id.* (quoting *Smallwood,* 385 F.3d at 573). "[T]he decision regarding the procedure necessary in a given case must lie within the discretion of the trial court." *Smallwood,* 385 F.3d at 573.

"The burden of persuasion on those who claim [improper] joinder is a heavy one." *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir. 2003). Accordingly, the Court views "all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff" and resolves "[a]ny contested issues of fact and any ambiguities of state law" in the plaintiff's favor. *Id.* Moreover, the Court must "take into account the 'status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the non[ ]diverse defendant." *McKee v. Kan. City S. Ry. Co.,* 358 F.3d 329, 334 (5th Cir. 2004) (quoting *Travis,* 326 F.3d at 649); *see also Davidson*, 819 F.3d at 765.

## III. DISCUSSION

The Court must determine whether Ojeda-Dartagna was improperly joined as a Defendant in this matter. If Plaintiffs have a reasonable basis for recovery against Ojeda-Dartagna, then Plaintiffs' Motion to Remand must be granted because Ojeda-Dartagna, who is domiciled in Louisiana, is a non-diverse Defendant. (Doc 1 ¶ 11). If Plaintiffs do not have a reasonable basis for recovery against

Ojeda-Dartagna, then Ojeda-Dartagna will be dismissed as a Defendant, Plaintiffs' Motion to Remand will be denied, and the above-captioned matter will remain in this Court.

Plaintiffs argue in their Objection that they have set forth allegations against Defendant Ojeda-Dartagna that, "in State Court . . . are sufficient to give rise to a cause of action against Ojeda-Dartagna, and since all factual allegations on an improper joinder claim are to be resolved in favor of the plaintiff, this warrants a finding that remand is proper." (Doc. 15-1 at 2–3). As a preliminary matter, Plaintiffs are correct that "[a]ny contested issues of fact and any ambiguities of state law" must be resolved in their favor. *Travis*, 326 F.3d at 649. However, the United States Court of Appeals for the Fifth Circuit has directly held that federal courts "must apply the federal pleading standard," not state pleading standards, when determining whether a defendant was improperly joined. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207–08 (5th Cir. 2016).

Plaintiffs also challenge the Report's conclusion that Plaintiffs provided "no specific factual allegations that Ojeda-Dartagna actually knew of or personally contributed to the parking lot defect (deterioration) that allegedly injured [Plaintiff], and the lack of such factual allegations fails to state a claim against the nondiverse employee." (Doc. 14 at 14). The Report carefully examined Plaintiff's factual allegations in the Complaint and found that Plaintiffs have "not alleged sufficient facts to show that Ojeda-Dartagna had personal knowledge of the alleged defect in the parking lot or contributed to the cause of the allegedly defective condition."

(*Id.* at 14–15). Nevertheless, Plaintiffs contend for the first time in their Objection that, "[u]nlike other cases in which a plaintiff has generically alleged that 'all defendants' or defendants collectively had knowledge of a dangerous condition, Plaintiffs here allege that Ojeda-Dartagna was made aware of the dangerous condition and left the condition unattended." (Doc. 15-1 at 2).

Plaintiffs spend the remainder of their Objection arguing that the "Court should pierce the pleadings in reaching its decision regarding remand" and contending that the Report improperly declined to do so. (Doc. 15-1 at 3). The Court will address whether the Report properly declined to pierce the pleadings before examining Plaintiffs' arguments about the sufficiency of their factual allegations.

As Plaintiffs acknowledge, it is true that "where the plaintiff's complaint has 'misstated or omitted discrete facts that would determine the propriety of joinder,' the court may instead 'pierce the pleadings and conduct a summary inquiry.'" *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (citing *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 389 n.10 (5th Cir. 2000)). (Doc. 15-1 at 3). However, "[s]uch a summary inquiry 'is appropriate only to identify the presence of discrete and undisputed facts that would preclude [the] plaintiff's recovery against the in-state defendant.'" *Flagg*, 819 F.3d at 136–37 (citing *Smallwood*, 385 F.3d at 573–74) (internal citation omitted). "The decision to pierce the pleadings 'lie[s] within the discretion of the trial court.'" *Flagg*, 819 F.3d at 137 (citing *Smallwood*, 385 F.3d at 573). When determining whether joinder is improper, a district court "*may* choose to use either one of these two analyses," including conducting a 12(b)(6)-type analysis or piercing

the pleadings and conducting a summary inquiry, "but it *must* use one and only one of them, not neither or both." *Int'l Energy Ventures*, 818 F.3d at 207 (emphasis in original). Here, the Report appropriately featured only one of these avenues: a 12(b)(6)-type analysis. (Doc. 14 at 15).

Assuming *arguendo* that the Report should have pierced the pleadings, the Court finds that doing so further supports the Report's conclusion. When ruling on a motion to remand based on improper joinder, federal district courts may consider affidavits and declarations submitted in support of a plaintiff's motion to remand or submitted as part of a defendant's opposition to a plaintiff's motion to remand if such courts decide to pierce the pleadings. *Ellis v. Evonik Corp.*, No. 21-1089, 2021 WL 4862146, at *3 (E.D. La. Oct. 19, 2021) (Vance, J.); *see also Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 312 (5th Cir. 2005) (affirming the district court's consideration of non-pleading evidence in a ruling on a motion to remand based on improper joinder when piercing the pleadings because "the defendants may submit affidavits and deposition transcripts," and plaintiffs may, "in support of their motion to remand, . . . submit affidavits and deposition transcripts among with the factual allegations contained in the verified complaint").

However, Plaintiffs do not actually allege in their Complaint, in any affidavits or deposition transcripts attached to their Complaint, or in any affidavits or depositions attached to their Motion to Remand that Ojeda-Dartagna actually had knowledge of the dangerous condition and left the condition unattended. "In *Canter* cases, where actual knowledge of a hazard is alleged, courts require that the

employee-defendant have actually known of a discrete, imminent risk, which ultimately leads to a plaintiff's injuries." *Ellis*, 2021 WL 4862146, at *3. As the Report correctly emphasized, and the Fifth Circuit has found, "conclusory allegations" that "merely track the general scope of the duty owed under Louisiana law" are insufficient to plead a claim establishing liability by store employees under *Canter*. (Doc. 14 at 14 (citing *Miciotto v. Hobby Lobby Stores, Inc.*, No. 21-30456, 2022 WL 3210686, at *3 (5th Cir. Aug. 9, 2022))). "Courts are thus not required to accept conclusory allegations." *Miciotto*, 2022 WL 3210686, at *3.

Although Plaintiffs submit a deposition transcript showing that Defendant Ojeda-Dartagna had a responsibility, or duty, to keep the parking lot safe and inspect for hazards, the transcript does not show that Ojeda-Dartagna actually knew of the dangerous condition that led to Mrs. Ellis' injuries or declined to address it. (Doc. 17-1 at 2–3). Plaintiffs thus fail to show a reasonable basis for recovery against Defendant Ojeda-Dartagna under Louisiana state law. *See, e.g., Giles v. Wal-mart Louisiana LLC*, No. 16-2413, 2016 WL 2825778, at *4 (E.D. La. May 13, 2016) (Barbier, J.) ("Plaintiff's allegation that all Defendants 'had actual or constructive knowledge' of the allegedly dangerous condition on the premises is a conclusory allegation that the Court is not required to accept and it does not amount to an allegation that" the defendant store manager "personally knew of the allegedly dangerous hole in the parking lot").

Likewise, "none of the allegations of negligent acts committed by" Defendant Ojeda-Dartagna, which the Report correctly finds are conclusory, "contain any facts

which distinguish" Ojeda-Dartagna's "alleged duty" to Plaintiffs "from the general administrative responsibilities of his employment." *Gautreau v. Lowe's Home Depot Center, Inc.*, No. 12-630, 2012 WL 7165280, at *4 (M.D. La. Dec. 19, 2012) (Riedlinger, M.J.). Personal "liability cannot be imposed upon" an "employee simply because of his general administrative responsibility for performance of some function of the employment." *Id.* at *3 (citing *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973)). Employees like Ojeda-Dartagna "must have a personal duty towards the injured plaintiff," the "breach of which specifically has caused the plaintiff's damages." *Id.* (citing *Canter*, 283 So.2d at 721)).

Instead, the deposition transcript that Plaintiffs submit indicates that Ojeda-Dartagna had a duty to all store patrons to inspect the parking lot for hazards and address such hazards. (Doc. 17-1 at 2–3). In other words, the duty alleged by Plaintiffs is "a duty owed generally to all patrons of the store-not a duty owed personally to" Mrs. Ellis "arising from some relationship unique to her." *Gautreau*, 2012 WL 7165280, at *4. Accordingly, the Court finds no reasonable basis for Plaintiff to recover against Defendant Ojeda-Dartagna under Louisiana state law at this time. The Court agrees with the Report's conclusion that Defendant Ojeda-Dartagna was improperly joined.

Accordingly, Plaintiff's Motion to Remand will be **DENIED**. Plaintiff's claims against Defendant Ojeda-Dartagna will be **DISMISSED WITHOUT PREJUDICE**. *See Int'l Energy Ventures*, 818 F.3d at 209 ("When, as here, a court determines that a

nondiverse party has been improperly joined to defeat diversity, that party *must* be dismissed without prejudice") (emphasis in original).

## IV. CONCLUSION

After carefully considering Plaintiff's Complaint, the Motion and related briefing, the Report and related briefing, and the entirety of the record before the Court, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in this matter.

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion to Remand (Doc. 8)** is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Julio Ojeda-Dartagna are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that this matter is referred to the Magistrate Judge for the issuance of a Scheduling Order.

Baton Rouge, Louisiana, this 29th day of September, 2026

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**